CAWKER and others, Executors, Respondents, vs. SEAMANS,. Appellant.

*January 28 — February 18, 1896.*

*False representations: Sale: Evidence: Court and jury.*

In an action upon a note given in part payment for a trade paper,. where there was a counterclaim alleging that the purchase of the paper was induced by false representations as to its value,. evidence tending to prove that the payee had admitted that he made such representations to defendant and thereby induced him to make the purchase, and that such representations were false in. several particulars, was sufficient to take the case to the jury.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Reversed.*

Action upon a promissory note. The opinion states the facts.

*Geo. E. Sutherland*, for the appellant.

For the respondents there was a brief by *Hoyt & Ogden,*. and oral argument by *L. M. Ogden.*

CASSODAY, C. J.    It appears from the record that October· 28, 1891, the defendant gave to the testator of the plaintiffs a promissory note bearing date on that day, for $500, due July 1, 1894, and interest thereafter, in part payment of the purchase price of what was known as the "United States Miller and Milling Engineer," a trade paper, which· had been published in Milwaukee by such testator; and the· plaintiffs brought this suit upon that note to recover the amount thereof. The defendant answered, and admitted the making of the note, and alleged, by way of defense and setoff or counterclaim, that such purchase was made· upon the express representations made by said testator to. induce the purchase, to the effect that the said "United· States Miller and Milling Engineer" had an actual circulation.

of at least 1,000 *bona fide* paying subscribers, who were regularly paying therefor a sum exceeding $1,000 annually, and that it also had a large amount of actual, live, paying advertisements, inserted in such paper by actual, *bona fide,* paying advertisers, who were then patrons of such paper, and who were then paying therefor a sum exceeding $2,500 annually; that the defendant relied upon such representations and purchased said property upon the strength thereof; that such representations were in fact false, to the damage of the defendant; and that such damages be adjudged to be a setoff and counterclaim to the amount of the note. The plaintiffs replied to the counterclaim. At the close of the trial the court directed a verdict in favor of the plaintiffs for $524.25; and from the judgment entered thereon the defendant brings this appeal.

There was evidence on the part of the defendant tending to prove that the testator had admitted that he made such representations to the defendant and thereby induced him to make such purchase, and that such representations were false in several particulars. The evidence in the case was sufficient to take the case to the jury; and hence it was error to direct a verdict in favor of the plaintiffs. As there must be a new trial, it is unnecessary to say more.

*By the Court.*— The judgment of the superior court of Milwaukee county is reversed, and the cause is remanded for a new trial.